UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Andrea Peterson<br><br>    Plaintiff<br><br>v.<br><br>Apple Inc., et al<br><br>    Defendants | CASE NO: 12-CV-6467 (GBD)(GWG)<br><br>**PLAINTIFF MOTION FOR CLARIFICATION ORDER.3.29.13** |

Plaintiff, pro se Andrea Peterson moves for the entry of an order clarifying the Court's order of March 29, 2013.

1. The Order of March 29, 2013, in part stated, "In sum, plaintiff has not complied with the Court's order of March 11, 2013, or the prior orders requiring her to cooperate in the scheduling of her deposition. Nor has she provided any valid explanation of her failure to comply. The Court believes that it has a basis now to sanction plaintiff pursuant to Fed. R. Civ. P. 37(b)(2) either by means of dismissal of this case or in some other manner for her violation of Court orders."

2. Attached, as **EXHIBIT A** is Plaintiff Notice of Appeal filed on March 16, 2013. Among plaintiff requests is that, pursuant to 28 U.S.C. §1292 that plaintiff Motion for Protective Order denied on March 11, 2013, Dkt. No. 50 by Magistrate Gorenstein is granted.  Plaintiff requested the Appellate Court grant plaintiff requests.

    a. Plaintiff is entitled to the Protective Order intended to protect and direct how plaintiff HIPAA protected medical records may be used in the case, and plaintiff legal recourse and costs, should there be a breach.

    b. That primary consideration must be to plaintiff health/medical issues therefore should it be necessary, plaintiff deposition must be delayed beyond the April 2, 2012 deadline set in the order.  The Court Ordered that by Friday, March 15, 2013 plaintiff must set a date for plaintiff deposition and that plaintiff deposition must be held by April 2, 2013 without consideration that plaintiff is expected to undergo major (6+ hours with two (2) micro vascular surgeons) surgery in the next week or two.   At Apple Inc., request, discovery in the case has been twice extended.

    c. That plaintiff deposition is canceled and not rescheduled pending Judge Daniels Order on plaintiff Rule 72 Objection.

3. The Pro Se office informed plaintiff that upon the filing of plaintiff Appeal this court does not have jurisdiction.   28 USC § 1292(a) - Interlocutory decisions states;

(a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from (1) Interlocutory orders of the district courts of the United States.

4. A working definition of an injunction for purposes of § 1292(a)(1) is an order "directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than a temporary fashion.

5. Plaintiff requests the Court clarify it's order.

6. Plaintiff again states, the withholding, failure of this court to grant a Protective Order is this court's statement that plaintiff should trust Apple, and that Apple may decide how plaintiff protected medical records in this case; who will have

access, how they will be used in court hearings, what witness(s) will have access, should or should not the records be sealed, etc.

7. Plaintiff nor defendant made no request that the court intervene in the discussion on plaintiff Protective Order.   Fed. R. Civ. P. Rule 26(c) Protective Orders, states, "A party or any person from whom discovery is sought **may** move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."   No Motion was made.

8. Apple's actions show clear evidence that Apple is not to be trusted.   One example is Apple's pretext offer letter.

9.  Apple's offer letter states, "Apple is delighted to offer you the position of Specialist, in your new position, **you will report to Sarone Kroch**, with the effective start date of Saturday, July 23, 2011.   We look forward to welcoming you to Apple."

   <span style="color:red">**(Plaintiff, a Specialist, was to report to a Human Resource Recruiter.)**</span>

10. Another statement in Apple's offer letter was, "you must sign the Intellectual Property Agreement and return the signed Agreement with this offer letter.  Any **exceptions or approvals require**d under the terms of the intellectual property agreement must be approved by your Division's Vice President and Apple's legal department prior to your beginning work."

   <span style="color:red">**(What is the reason that Apple West Side Human Resource, and Management did not obtain an exception?   Plaintiff certainly stated and**</span>

**discussed with them that plaintiff work had nothing to do with the scope of work of a SPECIALIST at Apple Computer.**)    More interesting, is the email from Trey Wichmann of Apple's Compliance & Business Conduct Team, that the Upper West Side store forwarded to plaintiff.   It states,

"Hi Dana,

If someone lists an invention as a "Prior Invention" on the IPA and does no further work on it while they are an Apple employee, then it's theirs and theirs alone, except as stated in the IPA:

If you do list such Prior Inventions, **you hereby grant to Apple a royalty-free, irrevocable, perpetual, worldwide license to any Prior Invention that is now or hereafter infringed by an Apple product, process, or method of doing business** (hereinafter "Apple Product") if: (i) you were involved in the development or implementation of that portion of the Apple Product which infringes your Prior Invention, or (ii) you acquiesced or permitted other Apple employees to utilize your Prior Invention in the course of their development or implementation of the Apple Product, **or (iii) upon first learning of Apple's use of your Prior Invention you do not immediately notify** in writing your Apple vice president of Apple's infringing use of your Prior Invention and the need for a license thereto.

**(How might a person know that Apple was using their copyright protected work? Is it customary/normal that companies inform copyright owner(s) that they are illegally, breaching work.)**

We can't advise people about the interpretation of this language, though -- the agreement is what it is.  <u>**If they have questions about it, they would need to consult with their own counsel.**</u>

As for what happens if she decides to update the invention while she's an Apple employee:  **Given that it <u>appears to be a software system</u> that would be relevant to Apple's business (since we have and develop internal HR tools and systems),** this is

<span style="color:red">(It might be relevant to apple's business but certainly not relevant to the work of a Specialist.   Therefore what is the reason that Apple did not use the provision stated in its own offer letter and obtain an exception so that plaintiff could begin work pending resolution of the Intellectual Property Agreement?)</span>

<span style="color:red">(And, what is the reason plaintiff was not given a reasonable period of time to have the IPA reviewed by an attorney of integrity?  One attorney asked, what is the big deal and stated that plaintiff should sign the IPA.   Another attorney advised plaintiff that plaintiff should have a document prepared to protect plaintiff as Apple has lots of legal resources.   As previously stated in plaintiff pleadings plaintiff decided to sign the IPA because plaintiff needed employment so that plaintiff could met the debt to income ratio so that plaintiff could qualify and get housing.)</span>

something where, under the Business Conduct Policy, she would need to get advanced approval from Apple Legal and a Sr. VP before she could do any work

on it.  As part of that approval process, there typically would be discussions about IP ownership issues and possible licenses for Apple to the invention.

(**As a Specialist, what might be the reason plaintiff would be doing any work associated with plaintiff copyrighted work that would require advance approval, or frankly any approval from Apple, Inc.?**)

Let me know if you have any additional questions."

Thanks,
Trey

**Thank You,
Bryant Martinez**
Human Resources Admin
 Apple Store Upper West Side/R251
(Main) 212.209.3400 (Office) 212.209.3440 (Fax) 212.209.3441



(**When does Human Resource Administrative staff, Bryant Martinez sign offer letter versus the Hiring Manager, and when did Specialist report to a Human Resource Recruiter, and when did Apple's Log become "US". Further Apple offer letter, and Trey email stated that plaintiff should consult with an attorney.  Given that, what is the reason that Apple did not give plaintiff latitude on the requirement that stated plaintiff must sign an IPA within three (3) days or that the offer would expire.   Was the objective that plaintiff so needed employment/housing (a place to live like all normal persons) that plaintiff would sign the IPA and give Apple Inc., irrevocable and royalty free rights to plaintiff copyrighted work.)**

10. This court now demands that plaintiff "trust" Apple Inc., and provide Apple Inc.,

plaintiff federally protected medical documents without a protective order that will address what is plaintiff recourse and **who will pay the cost of litigation in the very likely event that plaintiff protected medical records will be used**.  Plaintiff will not be placed in that position.

18. Plaintiff has questioned orders of this court and that this court has given Apple Inc. latitude well beyond the Federal Rules of Civil Procedure, and has denied plaintiff very reasonable requests,

11. In addition to the March 11, 2013 order plaintiff also requested the Appeals court review plaintiff Rule 72 Objection.   Among the issues cited in plaintiff Rule 72 Objection is that a **deciding issue (dispositive motion)** in this case is evidence in violation of Fed. R. Civ. P. Rule 26(b)(1) that this court granted Apple's request to withhold despite the requirement that, "<u>**any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence,**</u>" must be provided.

12. The court order stated the "mere" fact that plaintiff checked boxes does not indicate that plaintiff applied for employment with Apple.

13. That "mere" fact that plaintiff checked a box is the reason, what caused Apple's Upper West Side to contact and interview plaintiff for employment.   Moreover it is evidence that demonstrates that is how Apple expected and communicated applicants apply for positions with Apple Inc.   The question therefore as stated in ¶28 of plaintiff Rule 72 Objection is, what is the reason plaintiff was not contacted interviewed or hired for Specialist positions at Apple Grand Central, at Yonkers, NY,

at New York Fifth Avenue, at New York SoHo, at New York West 14th Street, at Staten Island, at White Plains Westchester, at Atlanta Perimeter, at Atlanta Lenox Square, at Alpharetta North Point, at Atlanta Mall of Georgia.  Plaintiff did not apply any differently for the forgoing locations than plaintiff applied by the "mere" checking of the box next to the Upper West Side store.

14. Plaintiff is further at a loss.  On December 5, 2012 Apple Inc., attorney Ms. Kaufman in a letter to the court requested a two (2) month extension of the discovery deadline.   On December 10, 2012 Magistrate Gorenstein GRANTED the two (2) month extension.

15. On January 22, 2013 Apple requested a second extension, this time for one (1) month, and again the court granted Apple's request and extended discovery for one (1) month from February 15, 2013 to March 15, 2013.   Therein the court has granted Apple three (3) months of extensions.

16. As stated in plaintiff response to the Court Order of March 11, 2013, Dkt. No. 53, plaintiff has for over one and one half years managed multiple challenges in obtaining surgery that predates plaintiff case against Apple.   Plaintiff cited issues when plaintiff arrived in New Orleans, LA, and that plaintiff, to avoid being on a further emotional roller coaster ride, has stayed in New Orleans with a goal to have the surgery that plaintiff was scheduled, and paid the costs to travel to New Orleans, to have.   Plaintiff has communicated with plaintiff insurance company and plaintiff has also communicated with one of the mirco vascular surgeons who plaintiff came to New Orleans for surgery with.   Plaintiff one and one year old efforts to have surgery continue. As shown in the attached letter dated March 26, 2013, **EXHIBIT B**,

plaintiff requested that the management of the Center for Medicare Services (CMS) who have accountability for Oversight and Enforcement Contract, (Empire Blue Cross Blue Shield Advantage Plan is contracted with Medicare), Program Integrity and the Ombudsman, review the words and actions associated with the cancellation of plaintiff March 1, 2013 surgery that do not align, and address the real reason plaintiff surgery was cancelled.   Plaintiff communication to CMS further stated that, withholding of medical care regardless of the tactics used/claimed, or that they are made to look normal is a violation of plaintiff Constitutional Amendment rights.

17. It certainly appears, and plaintiff questions if plaintiff medical care hostage? Is the cancellation an extortion attempt to force plaintiff to sign/authorize use of plaintiff's copyrighted work that plaintiff has sent "Cease and Desist" letters?

18. Plaintiff request at least equal time as this court granted Apple, to resolve plaintiff medical issues.  There is no matter more pressing than plaintiff health and plaintiff assumes this court agrees.

19. Moreover the three month extensions are what cause plaintiff surgery to be in the same time period of Apple's requested deposition.

WHEREFORE for the foregoing reasons, plaintiff requests:

A. The Court entry an Order clarifying its Order of March 29, 2013

B. The court grant plaintiff leave to file a Motion to amend plaintiff Complaint

C. The court grant plaintiff leave to file a Motion for Change of Venue

D. For all the reasons cited, the court Order a Stay in all other matters in the case not already subject to the jurisdiction of the 2nd Circuit Court of Appeals

Respectfully submitted,

/s/ Andrea Peterson

_____                          April 4, 2013
Andrea Peterson
P.O. Box 79351
Atlanta, Georgia 30357
917-504.6858
ajnpeterson@gmail.com