UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREA PETERSON,

        Plaintiff,

-against-

APPLE, INC.,

        Defendant.

12-CV-6467 (GBD)(GWG)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS PURSUANT TO FRCP RULES 37(B)(2) AND 41(B)**

David M. Wirtz
Meredith L. Kaufman
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022
212.583.9600
Attorneys for Defendant

TABLE OF CONTENTS

PAGE

I. PRELIMINARY STATEMENT ........................................................................................... 1

II. ARGUMENT ........................................................................................................................ 2

    A. Ms. Peterson's Failure To Comply With The Court's Discovery Orders Warrants Dismissal Under FRCP Rule 37(b)(2) ............................. 2

        1. Ms. Peterson's non-compliance has been willful ............................. 3

        2. Lesser sanctions than dismissal will not be effective ...................... 5

        3. Ms. Peterson's non-compliance has persisted for four months ........ 7

        4. This Court has provided sufficient warnings of the potential for sanctions ...................................................................................... 7

    B. Ms. Peterson's Failure To Prosecute Warrants Dismissal Under FRCP Rule 41(b) ...................................................................................... 8

        1. The delay caused by Ms. Peterson is of significant duration ......... 10

        2. Ms. Peterson has received more than sufficient notice that further delay could result in dismissal ........................................... 10

        3. Defendant has been prejudiced by Ms. Peterson's delaying tactics ............................................................................................. 11

        4. Ms. Peterson's obstructionist filings have undermined this Court's ability to manage its docket ............................................. 12

        5. Lesser sanctions would not be effective ........................................ 13

III. CONCLUSION ................................................................................................................... 14

## I.

## **PRELIMINARY STATEMENT**

This is an age discrimination case in which the plaintiff, Andrea Peterson, alleges that Apple failed to hire her on the basis of her age, and that she experienced severe emotional distress as a result. To date, Ms. Peterson has prevented Apple from exploring either of these claims in discovery, by refusing to be deposed and by refusing produce certain medical documents. She has remained obstinate on these two issues, despite multiple orders from this Court requiring otherwise, and she has been unfazed by the Court's repeated warnings that her case could be dismissed if her non-compliance persisted. Indeed, she has continued to flout the Court's orders willfully and deliberately, and she has filed numerous frivolous motions in an effort to avoid her discovery obligations. Ms. Peterson's actions demonstrate that there is nothing Apple or the Court can do to compel her compliance, and that the only effective and appropriate solution remaining at this point is the dismissal of her action in its entirety and with prejudice.[1]

---

[1] A full recitation of the facts upon which this motion is based appears in the accompanying Declaration of Meredith L. Kaufman in Support of Defendant's Motion to Dismiss Pursuant to FRCP Rules 37(b)(2) and 41(b), dated May 6, 2013 ("Kaufman Dec."). As stated therein, the Court's April 5, 2013 Order (Dkt. 57) granted Apple leave to file this motion without first seeking a pre-motion conference. (Kaufman Dec. ¶ 2).

## II.

## ARGUMENT

A. **Ms. Peterson's Failure To Comply With The Court's Discovery Orders Warrants Dismissal Under FRCP Rule 37(b)(2)**

"All litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). Specifically, Rule 37(b) of the Federal Rules of Civil Procedure empowers District Courts to dismiss an action when a party fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). While Ms. Peterson is generally afforded "special solicitude" as a *pro se*, she is "not immune to dismissal as a sanction for non-compliance with discovery orders … so long as a warning has been given that non-compliance can result in dismissal." *Agiwal*, 555 F.3d at 302.

Although reserved for "extreme circumstances," dismissal with prejudice may be granted in the District Court's discretion where the Court finds "willfulness, bad faith or any fault by the non-compliant litigant." *Id.* In making such a determination, the Court should consider the following factors: "(1) the willfulness of the non-compliant party or the reason for non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of non-compliance[;] and (4) whether the non-compliant party had been warned of the consequences of … non-compliance." *Id.* Not all four factors need to appear for dismissal to be appropriate: "[T]hese factors are not exclusive, and they need not each be

resolved against the party being sanctioned." *Kuang v. Genzyme Genetics Corp.*, 2012 U.S. Dist. LEXIS 172273, *23 (S.D.N.Y. Nov. 28, 2012).

This case presents exactly the type of "extreme circumstances" in which dismissal with prejudice is warranted. Ms. Peterson's willful non-compliance with this Court's discovery orders has continued for four months; she has been warned repeatedly; and she has demonstrated that the Court's warnings mean nothing to her, and that her non-compliance will continue at the expense of this Court's time and Apple's resources, until the Court puts a stop to it by dismissing the case.

1. Ms. Peterson's non-compliance has been willful.

The first factor considered in assessing Rule 37 sanctions is "the willfulness of the non-compliant party or the reason for non-compliance." *Agiwal,* 555 F.3d at 302. "Non-compliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." *Davidson v. Dean*, 204 F.R.D. 251, 255 (S.D.N.Y. 2001).

Ms. Peterson's actions demonstrate willful non-compliance as so-defined. The Orders of this Court are facially "clear and unambiguous" and leave "no room for misapprehension." *Martin v. City of New York,* 2010 U.S. Dist. LEXIS 48258, *6 (S.D.N.Y. May 11, 2010). Five times over the course of four months, this Court has ordered Ms. Peterson, in the simplest possible terms, to provide dates on which she cannot be available for her deposition, the simplest possible task. (Dkt. 35, 39, 50, 55, 57). Any layperson who can read can follow an instruction to provide some dates, and

3

Ms. Peterson has demonstrated, if nothing else, that she can read. Yet, to this day, she has not provided the dates she has been ordered to provide. (Kaufman Dec. ¶¶ 23, 24). Ms. Peterson has also refused to comply with two "clear and unambiguous" orders to provide certain information related to her medical providers. (Kaufman Dec. ¶ 34; Dkt. 33, 39).

There can be no question that Ms. Peterson's violation of seven distinct directives from this Court constitutes willful disobedience. Indeed, the Second Circuit has held that *pro se* plaintiffs with far fewer violations demonstrate willfulness. *Robertson v. Dowbenko,* 443 Fed. Appx. 659, 661 (2d Cir. 2011) (*pro se* plaintiff's violation of three orders constituted willful non-compliance).

There is also no question as to whether Ms. Peterson understood the Court's Orders, or whether her non-compliance was due to factors beyond her control. In response to the Court's March 11, March 29 and April 5 Orders (Dkt. 50, 55, 57), rather than comply with the directive to either provide dates on which she was unavailable for her deposition, or a doctor's note supporting a complete lack of availability, Ms. Peterson waited each time until the day her response was due and filed either an appeal or a motion contesting the Court's directives. (Kaufman Dec. ¶ 17; Dkt. 51, 53, 56, 59). These actions reveal that she understood fully what the Court was telling her to do; that she was available to submit a response by the due date; and that she chose, instead, to disregard the Orders.

4

Ms. Peterson has also demonstrated willfulness by her failure to attend a scheduled deposition and her "last minute notices informing [Apple] of [her] refusal to attend a deposition." *Kuang,* 2012 U.S. Dist. LEXIS 172273 at *24. She initially agreed to be deposed on March 12, 2013, and her last-minute cancellation, after Apple had devoted substantial time and resources preparing to take the deposition and to conduct it in the location of Ms. Peterson's choice (Kaufman Dec. ¶ 12-14), further demonstrates that her non-compliance has been willful. *See SEC v. Setteducate,* 419 Fed. Appx. 23, 25 (2d Cir. 2010) (affirming dismissal, finding that *pro se* plaintiff's conduct was willful and deliberate when he refused to attend deposition despite having chosen date himself and provided last minute notice of his refusal).

Finally, the willful nature of Ms. Peterson's non-compliance is highlighted by the multiple warnings that she could be subject to sanctions, including the dismissal of her case, if she did not comply with this Court's Orders. *See Battiste-Downie v. Covenant House,* 471 Fed. Appx. 78, 79 (2d Cir. 2012) (affirming dismissal of action, finding that plaintiff's non-compliance was willful as demonstrated by failure to comply with the court's discovery orders despite explicit warnings that she could face dismissal if she did not comply).

2. <u>Lesser sanctions than dismissal will not be effective.</u>

The second factor to be considered in assessing Rule 37 sanctions is "the efficacy of lesser sanctions." *Agiwal,* 555 F.3d at 302. It is well established that where, as here, a plaintiff's non-compliance continues "after multiple explicit warnings about the consequences of further non-compliance," no sanction but dismissal is adequate.

5

*Robertson v. Dowbenko*, 443 Fed. Appx. at 660; *see also Martin,* 2010 U.S. Dist. LEXIS 48258 at *7 ("[t]he fact that plaintiff was warned that non-compliance would result in dismissal of her claims and chose not to comply illustrates that lesser sanctions would be insufficient to remedy her failure. No remedy other than dismissal better fits the nature of the plaintiff's non-compliance.").

Ms. Peterson has now been warned five times by this Court that her case could be dismissed if she continued to ignore the Court's orders concerning the scheduling of her deposition. (Dkt. 35, 39, 50, 55, 57). Nonetheless, Ms. Peterson refused to comply, and her behavior to date reveals no intention ever to do so. Under such circumstances, lesser sanctions simply do not suffice. *See Setteducate,* 419 Fed. Appx. at 25 ("the record demonstrates that a lesser sanction would have been ineffective in light of [*pro se*] Sette's repeated and unwavering refusal to attend his deposition"); *Kuang,* 2012 U.S. Dist. LEXIS 172273 at *30 (plaintiff's refusal to comply "in a manner indicating no serious intention of allowing the deposition to proceed," even after four warnings, supported conclusion that lesser sanctions would not be effective).

Moreover, Ms. Peterson has been warned not once but twice that Apple would have permission to move for dismissal as a sanction if her non-compliance persisted. (Dkt 55, 57). These warnings had no greater effect on Ms. Peterson than the three warnings that preceded them, and, as the Court has already delayed dismissal once, the only appropriate sanction that remains is dismissal.

Finally, Ms. Peterson's attitude towards the Court, including her outlandish

6

assertion that "the SDNY no longer has jurisdiction of this case" (Kaufman Dec.¶ 18), only further confirms that no lesser sanction would be sufficient, because she is apparently unwilling to accept this Court's authority. *See Antonmarchi v. Consolidated Edison Co. of N.Y., Inc.,* 2013 U.S. App. LEXIS 5164, *3-4 (2d Cir. 2013) (affirming dismissal, finding that efficacy of lesser sanctions was "doubtful" where *pro se* plaintiff flouted discovery orders and testified that such orders "didn't matter").

    3.    <u>Ms. Peterson's non-compliance has persisted for four months.</u>

The third factor to be considered in assessing Rule 37 sanctions is "the duration of the period of non-compliance." *Agiwal,* 555 F.3d at 302. For over four months now, Ms. Peterson has deliberately flouted the orders of this Court, and it is well established that such a history is more than sufficient to warrant dismissal. *Martin,* 2010 U.S. Dist. LEXIS 48258 at *7 (non-compliance for two-and-a-half months was sufficient duration for dismissal); *Kuang,* 2012 U.S. Dist. LEXIS 172273 at *31 (plaintiff's non-compliance for "several months" despite court's involvement warranted dismissal).

    4.    <u>This Court has provided sufficient warnings of the potential for sanctions.</u>

The fourth *Agiwal* factor is "whether the non-compliant party had been warned of the consequences of ... non-compliance." 555 F.3d at 302. As discussed above, Ms. Peterson has received five warnings that her failure to provide her availability for her deposition could result in dismissal, and she was warned twice that Apple would be permitted to make a motion seeking dismissal as a sanction if she did not comply. (Dkt. 35, 39, 50, 55, 57). Indeed, even after the Court believed it had a basis to dismiss her case, it offered her "one more opportunity," and, then "one final opportunity." (Dkt. 55,

57). The Court's warnings in this regard were not merely sufficient; they "exceeded what was required in the circumstances." *Agiwal*, 555 F.3d at 303 (affirming dismissal and finding magistrate judge handled case with "exceptional patience and care" where *pro se* plaintiff disobeyed two orders requiring attendance at deposition over a period of six months despite warnings of the possibility of dismissal); *see also Brown v. Astoria Fed. Savings & Loan Ass'n,* 444 Fed. Appx. 504, 506 (2d Cir. 2011) (affirming dismissal where *pro se* plaintiff "failed to signal obedience to this fifth instruction in six months requiring attendance at a deposition" and had been given "one final chance to appear"); *Setteducate*, 419 Fed. Appx. at 25 (two warnings to *pro se* plaintiff constituted sufficient notice).

In sum, Ms. Peterson has been provided with more than ample opportunities to comply with this Court's orders and more than sufficient warnings of the potential consequence of a failure to do so. Her repeated violations are, therefore, inexcusable and cannot be rectified. Indeed, it is difficult to conceive of a situation in which a plaintiff has been more willful in her non-compliance with discovery orders, or more obstinate and insolent in her dealings with the Court. If there were ever a case that warranted dismissal for failure to comply with discovery orders, this is it.

B.  **Ms. Peterson's Failure To Prosecute Warrants Dismissal Under FRCP Rule 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure provides an alternate ground for dismissing Ms. Peterson's claims on the merits – her failure to prosecute her case. Fed. R. Civ. P., 41(b). A failure to prosecute "can be evidenced ... either in an action

lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir. 1982). With respect to the latter, "groundless motions, repeated requests for continuances [and] persistent late filings of court ordered papers" are all examples of dilatory tactics that may be worthy of dismissal. *Id.*

In determining whether a plaintiff's failure to prosecute requires dismissal, the Second Circuit has "fashioned guiding rules" for District Courts, namely, whether: (1) a plaintiff's failure to prosecute caused a delay of significant duration; (2) the plaintiff was given notice that further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against the plaintiff's right to an opportunity for a day in court; and (5) lesser sanctions could be equally efficacious. *Lewis v. Rawson,* 564 F.3d 569, 576 (2d Cir. 2009). "Not all of these factors need to be present for a court to dismiss, and the factors apply regardless of whether a plaintiff is proceeding *pro se* or is represented by counsel." *Smalls v. Bank of N.Y.,* 2008 U.S. Dist. LEXIS 35911, *9 (S.D.N.Y. Apr. 29, 2008).

In this case, Ms. Peterson has failed to prosecute her case by refusing to schedule her deposition or provide medical records, despite multiple Orders directing her to do so. For months, she has missed deadlines and made vexatious and obstructive filings, in a transparent attempt to avoid providing responses to Apple's discovery requests, without which this action cannot proceed. Accordingly, as set forth in further detail below,

9

Ms. Peterson's case should be dismissed under Rule 41(b) because of her failure to prosecute.

  1. <u>The delay caused by Ms. Peterson is of significant duration.</u>

The first factor considered in assessing a plaintiff's failure to prosecute is whether the delay caused by the failure is of a "significant duration." *Id.* Here, Ms. Peterson has, thus far, caused a delay of almost four months by refusing to schedule her deposition (Kaufman Dec. ¶ 24), and failing to respond to so-ordered discovery requests related to her medical records. (*Id.* at ¶ 34). Although this Court first ordered Ms. Peterson to provide certain medical information on January 15, 2013 (Dkt. 33), and Apple initially noticed Ms. Peterson's deposition for February 5, 2013 (Kaufman Dec. ¶ 6), neither has taken place. (*Id.* at ¶ 24, 34). This four-month delay, which is solely attributable to Ms. Peterson's antics (Dkt. 35, 39, 50, 55, 57), is of sufficiently "significant duration" to support dismissal. *See Yadav v. Brookhaven Nat'l Lab.*, 487 Fed. Appx. 671, 672-3 (2d Cir. 2012) (affirming dismissal for failure to prosecute where *pro se* plaintiff failed to properly respond to discovery demands for three months); *see also Martin,* 2010 U.S. Dist. LEXIS 48258 at*8 (S.D.N.Y. May 11, 2010) (delay of fewer than three months was of significant duration).

  2. <u>Ms. Peterson has received more than sufficient notice that further delay could result in dismissal.</u>

The second factor considered in assessing a plaintiff's failure to prosecute is whether "plaintiff was given notice that further delay would result in dismissal." *Lewis,* 564 F.3d at 576. As discussed above, this Court has advised Ms. Peterson, in written

Orders she has acknowledged reading, no less than five times that her case could be dismissed if she did not comply with its Orders concerning her deposition. (Dkt. 35, 39, 50, 55, 57). Such warnings are more than sufficient to warrant dismissal under Rule 41(b). *See Yadav*, 487 Fed. Appx. at 673 (affirming dismissal where *pro se* plaintiff received three unheeded warnings).

      3.    <u>Defendant has been prejudiced by Ms. Peterson's delaying tactics.</u>

The third factor considered in assessing plaintiff's failure to prosecute is whether the defendant is "likely to be prejudiced by further delay." *Lewis*, 564 F.3d at 576. As a matter of law, prejudice may be presumed where, as here, there has already been an unreasonable delay. *Peart v. City of New York*, 992 F. 2d 458, 462 (2d Cir. 1993).

Presumption notwithstanding, Apple has suffered actual prejudice, because it has been unable to obtain key discovery and prepare its defense because of Ms. Peterson's dilatory tactics and discovery violations. Indeed, Ms. Peterson has refused to participate in critical discovery, including her own deposition, and Apple has consequently been unable to "ascertain key facts about the case because it cannot complete its deposition of the most important witness, plaintiff herself." *Kuang*, 2012 U.S. Dist. LEXIS 172273 at *29 (affirming dismissal, finding that "this far into the litigation, much of this prejudice cannot be undone"); *see also Alania v. Prof'l Disposables Inc.*, 2013 U.S. Dist. LEXIS 41519, *5 (S.D.N.Y. Mar. 11, 2013) (prejudice existed where defendants were unable depose plaintiff or obtain needed discovery).

Further, Apple expended significant time and resources in attempting to depose Ms. Peterson and to move this case forward. (Kaufman Dec. ¶ 13). Apple's efforts were

11

time-consuming, expensive, and ultimately fruitless because of Ms. Peterson's recalcitrance and last-minute refusal to appear, causing significant prejudice to Apple. *See Malone v. HSBC Mortg. Corp. USA,* 2012 U.S. Dist. LEXIS 16492, *10 (S.D.N.Y. Feb. 7, 2012) (finding prejudice where "Defendants expended both time and money trying to obtain discovery from [plaintiff] during the allotted period to no avail"); see also *Yadav*, 487 Fed. Appx. at 673 ("the defendants were prejudiced by having to expend unnecessary time and resources in attempting to secure responses to their discovery requests, some of which they never received").

### 4. Ms. Peterson's obstructionist filings have undermined this Court's ability to manage its docket.

The fourth factor to be considered in assessing a plaintiff's failure to prosecute is whether "the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court." *Lewis*, 564 F.3d at 576. It is well-settled that "non-compliance with the Court's Orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Martin,* 2010 U.S. Dist. LEXIS 48258 at *10. Moreover, where a plaintiff could have avoided dismissal by pressing her claims, "there can be no claim by plaintiff that its due process rights have been denied." *Richter v. Webster Hall Entertainment,* 2006 U.S. Dist. LEXIS 74555, *15-16 (S.D.N.Y. Oct. 12, 2006).

Here, Ms. Peterson has not only failed to comply with multiple, clear, and unambiguous Orders of this Court (Dk. 35, 39, 50, 55, 57), she has flooded the Court with unnecessary and obstructionist filings in an effort to avoid her discovery obligations,

12

including, but not limited to, a motion for reconsideration, a motion to stay, objections pursuant to Rule 72, an "emergency" motion for a protective order, a notice of interlocutory appeal, a motion for clarification, and a "supplement to notice of interlocutory appeal." (Dkt. 32, 38, 40, 48, 51, 56, 59). Her vexatious and frivolous motion practice and interlocutory appeals require the conclusion that the balance between her "right to an opportunity for a day in court" and the "need to alleviate calendar congestion" weighs in favor of the latter. Ms. Peterson's dilatory tactics are truly incredible, given that she could have easily avoided dismissal by complying with two simple Orders that would have moved her own case towards resolution. *Richter,* 2006 U.S. Dist. LEXIS 74555 at *15-16 (balance favored dismissal of action, because plaintiff could have avoided dismissal by pressing claims).

In short, "[t]his case has no end in sight and [unless dismissed] will, as a result, continue to both linger on this court's docket... and cloud this court's calendar." *Samman v. Conyers,* 231 F.R.D. 163, 166 (S.D.N.Y. 2005). In order to "dispense justice to all litigants in an expeditious manner" (*Martin,* 2010 U.S. Dist. LEXIS 48258 at *10) and put an end to Ms. Peterson's unrelenting letters, motions and appeals, the Court must dismiss this action.

5.  <u>Lesser sanctions would not be effective.</u>

The fifth and final factor to be considered in assessing a plaintiff's failure to prosecute is "the efficacy of lesser sanctions." *Lewis,* 564 F.3d at 576. As discussed above, it is abundantly clear in light of the Court's orders and prior warnings that "no remedy other than dismissal better fits the nature of the plaintiff's non-compliance."

13

*Martin*, 2010 U.S. Dist. LEXIS 48258 at *7; *see also Yadav*, 487 Fed. Appx. at 673 (affirming district court's decision "no less drastic sanctions, short of dismissal, would be effective" against a *pro se* plaintiff, who demonstrated continued disregard for court orders); *Samman,* 231 F.R.D at *166 (dismissal was appropriate where plaintiff was granted numerous extensions and provided explicit warnings that dismissal could result from non-compliance).

### III.

### CONCLUSION

In sum, based on the totality of Ms. Peterson's non-compliance with the Court's clear Orders, her disregard for the express warnings provided by the Court, and her dilatory tactics and abuse of the judicial process, this Court should dismiss this action, in its entirety, with prejudice, pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure

Dated: May 6, 2013  
      New York, New York

LITTLER MENDELSON, P.C.

By: /s  Meredith L. Kaufman  
David M. Wirtz  
Meredith L. Kaufman  
900 Third Avenue, 8th Floor  
New York, New York  10022.4834  
Telephone:    212.583.9600

*Attorneys for Defendant Apple Inc.*