UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ANDREA PETERSON,                                    :

                                                    :

                Plaintiff,          :          12 Civ. 6467 (GBD) (GWG)

                                                    :

       -v.-                                :          REPORT AND RECOMMENDATION

                                                    :

APPLE INC.,                                         :

            Defendant.                 :
---------------------------------------------------------------x
**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Andrea Peterson, proceeding <u>pro se</u>, brought this action pursuant to the Age

Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the New York

State Human Rights Law, and the New York City Human Rights Law alleging that defendant

Apple Inc. ("Apple") refused to hire her on the basis of her age and negligently inflicted

emotional distress.  <u>See</u> Complaint, filed Aug. 23, 2012 (Docket # 1) ("Compl.").  Apple now

moves to dismiss this action based on Peterson's failure to comply with Court orders and her

failure to prosecute pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure.

Because Peterson has filed no opposition to the motion, and because the motion is meritorious

for the reasons discussed below, Apple's motion should be granted and the case should be

dismissed with prejudice.

I.     <u>BACKGROUND</u>

     A.    <u>Peterson's Refusal to Comply with Court Orders Concerning Her Deposition</u>

      On January 2, 2013, the Court held an Interim Pretrial Conference to rule on a number of

discovery disputes.  <u>See</u> Order, filed Jan. 10, 2013 (Docket # 31) ("Jan. 10 Order").  During the

conference, Peterson objected to Apple's request that she appear for a deposition in New York.

<u>See</u> Declaration of Meredith L. Kaufman in Support of Defendant's Motion to Dismiss Pursuant

to FRCP Rules 37(b)(2) and 41(b), filed May 6, 2013 (Docket # 62) ("Kaufman Decl."), ¶ 4.

She claimed that she had relocated to Atlanta, Georgia and could not afford to travel to New

York for a deposition.  <u>Id.</u>[1]  Accordingly, the Court ruled that Peterson need not travel to New

York, but granted Apple "the option to elect whether (1) plaintiff shall appear for her deposition

at Littler Mendelson P.C.'s office located in Atlanta, Georgia or (2) the deposition is conducted

from plaintiff's home by telephone."  Jan. 10 Order at 2.  Peterson also requested that <u>pro</u>

<u>bono</u> counsel be appointed to represent her at the deposition.  Kaufman Decl. ¶ 5.  The Court

informed her that she was unlikely to satisfy the standard for the appointment of counsel,

<u>see</u> Transcript, filed Mar. 6, 2013 (Docket # 45), at 33, and ordered that she appear at the

deposition without counsel if she had not obtained one by that time, Jan. 10 Order at 2.

On January 10, 2013, Apple served Peterson with a notice for a video deposition to take

place at Littler Mendelson P.C.'s Atlanta office on February 5, 2013.  Notice of Video

Deposition, dated Jan. 10, 2013 (annexed as Ex. A to Kaufman Decl.) ("Notice").  By e-mail

dated January 12, 2013, Peterson informed Apple that she was "'unwilling to have a deposition

without Pro Bono Counsel.'"  Kaufman Decl. ¶ 7.  In a subsequent e-mail, however, she stated

that she would provide Apple with dates during which she was available for a deposition.  <u>Id.</u>

Peterson never provided Apple with her dates of availability.  <u>Id.</u> ¶ 8.

As a result, Apple sought an order compelling Peterson to appear at a deposition by

March 5, 2013.  <u>See</u> Letter from Meredith L. Kaufman to Hon. Gabriel W. Gorenstein, dated

---

[1] At Peterson's request (<u>see</u> Docket # 14), she receives service of all papers and Court orders through the ECF system.  Thus, the Court has not been routinely apprised of her current address.

Jan. 22, 2013 (Docket # 37).  On January 25, 2013, the Court ruled that Peterson "need not appear on February 5, 2013, if that date [was] inconvenient for her."  Order, filed Jan. 25, 2013 (Docket # 35) ("Jan. 25 Order"), at 2.  But the Court ordered Peterson "to provide defendant with a list of any dates between February 15, 2013, and March 15, 2013, for which she is <u>unavailable</u> for a deposition" and that she do so "on or before <u>February 1, 2013</u>."  <u>Id.</u> (emphasis in original).  As of February 4, 2013, however, Peterson had not provided a list of days that she was unavailable.  <u>See</u> Kaufman Decl. ¶ 12.  Defense counsel e-mailed Peterson "to advise her that Apple understood her silence to mean that she was available through March 15, 2013, and that it would schedule her deposition accordingly."  <u>Id.</u>  In an e-mail the following day, Peterson responded "that Apple should 'schedule whatever date of [its] choice.'"  <u>Id.</u> (alteration in original).

On February 8, 2013, the Court reminded Peterson of her obligation to provide a list of dates that she was unavailable and <u>sua sponte</u> extended the time for her to produce the list of unavailable dates until February 14, 2013.  Order, filed Feb. 8, 2013 (Docket # 39) ("Feb. 8 Order"), at 2.  The Court warned Peterson that if she failed to comply with the order, "she may be subject to sanctions, including dismissal of the case."  <u>Id.</u>  Peterson then sought a stay of the entire case.  <u>See</u> Motion for Stay, filed Feb. 12, 2013 (Docket # 40).  The Court denied Peterson's request and "remind[ed] plaintiff that, in the absence of a stay, she must comply with Court orders."  Order, filed Feb. 13, 2013 (Docket # 42) ("Feb. 13 Order"), at 1.  Peterson was cautioned that if she disobeyed Court orders, "she [would] be subject to sanctions including the potential dismissal of this case."  <u>Id.</u>  Peterson filed objections pursuant to Fed. R. Civ. P. 72(a) to the February 8 Order as well as previous orders.  <u>See</u> Plaintiff F. R. Civ. P. Rule 72 Objection, filed Feb. 15, 2013 (Docket #43).  Those objections were later overruled.  <u>See</u> Order, filed April

3

22, 2013 (Docket # 59).

On February 15, 2013, Apple served Peterson with a revised notice for a deposition, scheduling Peterson's deposition for March 12, 2013 in Atlanta.  Revised Notice of Video Deposition, dated Feb. 15, 2013 (annexed as Ex. B to Kaufman Decl.).  Because Peterson did not object, Apple expended substantial time and resources preparing to take Peterson's deposition on this date.  Kaufman Decl. ¶ 13.  Besides the time defense counsel spent preparing for the deposition, one of the attorneys also cleared her calendar in order to travel to Atlanta.  Id. at 5 n.4.  Additionally, the staff at defense counsel's firm spent considerable time arranging for and testing a video conferencing system, copying documents for use in the deposition, and scheduling a court reporter and videographer.  Id.  On March 7, 2013, Peterson e-mailed defense counsel requesting that the deposition be rescheduled because she was "'still out of town due to various issues associated with major surgery.'"  Id. ¶ 14.  Prior to this communication, Peterson had never mentioned to defense counsel plans to travel or to undergo surgery.  Id.  Apple replied that it intended to go forward with the deposition on March 12, 2013 as scheduled and that if Peterson was unable to attend, she would need to request an extension from the Court.  Id.

In response, on March 8, 2013, Peterson filed an "emergency motion" for a protective order staying her deposition.  Plaintiff [sic] Emergency Motion for Protective Order Deposition [sic], filed Mar. 8, 2013 (Docket # 48) ("Emergency Motion").  Claiming, among other things, that she was in New Orleans, Louisiana for a surgery, she requested that the deposition be cancelled.  Id. ¶¶ 6–8.  On March 11, 2013, the Court directed that the deposition be rescheduled and that it take place on or before April 2, 2013.  Order, filed Mar. 11, 2013 (Docket # 50) ("Mar. 11 Order").  The Court ordered Peterson, by March 15, 2013, to either: (1) "inform defendant in writing of any dates between March 20 and April 2, 2013, when she is unavailable,"

or (2) "provide a written explanation from a medical doctor that describes why she cannot proceed and when she can be expected to be able to proceed." Id. (emphasis in original). Peterson was "reminded that her request for review and her request for a stay do not operate as a stay" and that "[i]f she fails to comply with Court orders, her case may be dismissed." Id.

Without providing Apple the information ordered by the Court, see Kaufman Decl. ¶¶ 17–18, on March 16, 2013, Peterson filed a notice of appeal of the Court's March 11 Order. See Notice of Appeal, filed Mar. 16, 2013 (Docket # 51) ("Appeal Notice"). On the same day, she sent a letter to defense counsel claiming that "'the SDNY no longer ha[d] jurisdiction of this case.'" Kaufman Decl. ¶ 18.[2] Peterson stated that a planned surgery had not yet been rescheduled and she attached a recent e-mail she had sent to her insurance company requesting that the surgery be rescheduled, as well as a 55-page e-mail exchange between Peterson and her insurance company regarding her surgery. Id. at 7 n.6. Similarly, on March 19, 2013, Peterson requested that the Court delay her deposition. See Plaintiff [sic] Response Court [sic] Order to Provide Deposition Date, filed Mar. 19, 2013 (Docket # 53) ("Pl. Resp."). In support of the request, she submitted to the Court the e-mails with her insurance company that she had provided to defense counsel. See Exs. B & C to Pl. Resp.

This submission, however, did not comply with the Court's March 11 order, as it neither

---

[2] Peterson later made a similar assertion to this Court. See Plaintiff [sic] Motion for Clarification Order 3.29.13, filed Apr. 4, 2013 (Docket # 56) ("Motion for Clarification"), ¶ 3. However, the notice of appeal was improper as it did not seek to appeal a final decision or other appealable order. See 28 U.S.C. §§ 1291, 1292. It is well settled that if a litigant files a "plainly unauthorized notice of appeal which confers on [the Second Circuit] the power to do nothing but dismiss the appeal," the district court is not divested of jurisdiction. United States v. Rodgers, 101 F.3d 247, 252 (2d Cir.), cert. denied, 520 U.S. 1188 (1996); see also United States v. Salerno, 868 F.2d 524, 540 (2d Cir.) (noting that the "district court retains jurisdiction during appeals of 'patently nonappealable orders'") (citation omitted), cert. denied, 493 U.S. 811 (1989).

provided dates during which she was unavailable between March 20 and April 2, 2013, nor any statement from a medical doctor explaining why she could not attend her deposition. Instead, the e-mails reflected that Peterson was asserting that she was in New Orleans waiting for surgery to be rescheduled. See E-mail from Andrea Peterson to Anita Kendrick (Mar. 15, 2013, 13:25 EST) (annexed as Ex. B to Pl. Resp.). The e-mails also reflect that the planned surgery follows from a previous surgery Peterson had undergone nine years earlier, in 2004. See E-mail Exchange (annexed as Ex. C to Pl. Resp.), at 2–5, 8–9, 32, 34–35, 38. Nor were the e-mails current as they largely began in December 2011, before suit this was filed, and ended in August 2012. Peterson provided no documentation of her current medical condition at all and provided no information as to how she came to be in New Orleans, her location within New Orleans, and/or her ability to appear for a deposition in either New Orleans, Atlanta, or anywhere else.

In response, this Court issued an order finding that "plaintiff has not complied with the Court's order of March 11, 2013, or the prior orders requiring her to cooperate in the scheduling of her deposition. Nor has she provided any valid explanation of her failure to comply." Order, filed Mar. 29, 2013 (Docket # 55) ("Mar. 29 Order"), at 2. The Court noted that there was a "basis now to sanction plaintiff pursuant to Fed. R. Civ. P. 37(b)(2)" — including by dismissal of the case — and that dismissal may also be appropriate for failure to prosecute. Id. However, "[t]he Court instead elect[ed] to give plaintiff one more opportunity to cure her failure." Id. The Court ordered Peterson to provide to Apple, on or before April 4, 2013, either:

> (1) a list of dates of non-availability for her deposition for the period between April 15 and May 3, 2013 or (2) a written statement from a medical doctor that describes any physical limitations on plaintiff's ability to proceed with her deposition and explains when plaintiff can be expected to proceed.

Id. Again, the Court warned Peterson "that her failure to comply with this order may result in

dismissal of this case." Id. If Peterson failed to comply with the order, the Court gave leave to Apple to seek dismissal. Id.

On April 4, 2013, Peterson filed a submission with the Court which she characterized as a "motion for clarification." See Motion for Clarification. In it, she requested a protective order for the use of her medical records, see id. ¶¶ 6–7 — a request which this Court had already granted, see Jan. 25 Order at 2; Feb. 8 Order at 1 — and attached an 11 page letter, dated March 26, 2013, that she wrote to a Dr. Jeffrey Kelman, M.D., Chief Medical Officer for the Center for Medicare and Medicaid Services, see letter from Andrea Peterson to Jeffrey Kelman, dated Mar. 26, 2013 (annexed as Ex. B to Motion for Clarification).

The Court denied her motion and found "again [that she] failed to comply with a Court order." Order, filed Apr. 8, 2013 (Docket # 57) ("Apr. 8 Order"), at 1. Extending to Peterson one "final opportunity to cure her failure" to comply with Court orders, the Court ordered as follows:

> On or before April 18, 2013, plaintiff shall provide to defendant either (1) a list of dates of non-availability for her deposition for the period between April 22 and May 17, 2013; or (2) a written statement from a medical doctor that describes any physical limitations on plaintiff's ability to proceed with her deposition and explains when plaintiff can be expected to proceed. The Court reiterates that if plaintiff provides the dates as required by this Order, plaintiff obviously must appear for her deposition on the available date chosen by defendant. The Court also restates that if plaintiff is unable to appear in Atlanta for her deposition, she may explain to defendant her preferred location for the deposition and the basis for the request. She must also provide an explanation to defendant of her current physical domicile and any future travel plans.

Id. at 2 (emphasis omitted). The Court warned, for the fifth time, "that [Peterson's] failure to comply with this Order or any other Court order may result in dismissal of this case." Id.

Peterson did not supply either of the required materials to defendants by April 18, 2013

7

or at any other time.  Kaufman Decl. ¶ 24.[3]

> B.      The Instant Motion

On May 6, 2013, Apple filed the instant motion to dismiss for failure to comply with

Court orders pursuant to Fed. R. Civ. P. 37(b)(2) and failure to prosecute pursuant to Fed. R.

Civ. P. 41(b).  See Notice of Motion to Dismiss Pursuant to FRCP Rules 37(b)(2) and 41(b),

filed May 6, 2013 (Docket # 60) ("Motion"); Memorandum of Law in Support of Defendant's

 Motion to Dismiss Pursuant to FRCP Rules 37(b)(2) and 41(b), filed May 6, 2013 (Docket #

61); Kaufman Decl.; Certificate of Service, filed May 6, 2013 (Docket # 63).  The motion was

referred to the undersigned for a Report and Recommendation.  See Order of Reference to a

Magistrate Judge, filed May 9, 2013 (Docket # 64).

The deadline for Peterson to respond to Apple's motion was May 20, 2013.  See Local

Civil Rule 6.1(b).  On May 23, 2013, the Court issued an order notifying Peterson that the

deadline to file a response to the motion had passed under the Local Rules, but granting her one

more opportunity to file a response on or before May 30, 2013.  Order, filed May 23, 2013

(Docket # 65).  Peterson failed to file a response on or before May 30, 2013.  On June 10, 2013,

a law clerk confirmed with Peterson that she had not filed a response to Apple's motion.   To this

date, Peterson has not opposed or otherwise responded to the motion.

II.      DISCUSSION

> A.      Failure to Comply with the Court's Discovery Orders

Under Fed. R. Civ. P. 37(b)(2)(A)(v), "[i]f a party . . . fails to obey an order to provide or

---

[3] On the same date, Peterson filed a document that sought to appeal additional district court orders.  See Plaintiff [sic] Supplement to Notice of Interlocutory Appeal, filed Apr. 18, 2013 (Docket # 58).

permit discovery . . . the court where the action is pending may issue further just orders.  They

may include . . . dismissing the action or proceeding in whole or in part."  District courts have

wide discretion in fashioning appropriate sanctions for a party's failure to comply with discovery

orders.  See S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010)

(noting that "the text of the rule requires only that the district court's orders be 'just'").

Dismissal is a "drastic remedy" reserved for when "alternate, less drastic sanctions" are

insufficient.  West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) (citation

and internal quotation marks omitted).  Dismissal is justified where "failure to comply with

discovery orders was due to 'willfulness, bad faith, or any fault' of the party sanctioned."  S.

New England Tel. Co., 624 F.3d at 144 (quoting Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d

Cir. 1986)); accord Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013)

("Dismissing an action . . . is the harshest of sanctions and must be proceeded by particular

procedural prerequisites.").  Sanctions pursuant to Fed. R. Civ. P. 37 are appropriate "not merely

to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those

who might be tempted to such conduct in the absence of such a sanction."  Nat'l Hockey League

v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam).

   The Second Circuit has identified four factors it considers in evaluating whether it was

appropriate for a district court to dismiss an action as a sanction pursuant to Fed. R. Civ. P. 37:

"'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy

of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the

non-compliant party had been warned of the consequences of noncompliance.'"  S. New

England Tel. Co., 624 F.3d at 144 (quoting Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298,

302 (2d Cir. 2009)).  The factors are not exclusive; nor does each one have to be resolved against

9

the party being sanctioned for dismissal to be appropriate.  See id. (citing Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1366 (2d Cir. 1991)); Kuang v. Genzyme Genetics Corp., 2012 U.S. Dist. LEXIS 172273, at *23 (S.D.N.Y. Nov. 28, 2012).  While pro se parties are generally treated with "'special solicitude,'" they "are not immune to dismissal as a sanction for noncompliance with discovery orders."  Agiwal, 555 F.3d at 302 (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006)); accord McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988) ("[A]ll litigants, including pro ses, have an obligation to comply with court orders.").

We now turn to an examination of the four factors.

### 1.   Willfulness

In assessing whether non-compliance with discovery orders is willful, courts consider whether: (1) the orders were clear; (2) the party being sanctioned understood the orders; and (3) the non-compliance was within the party's control.  See In re Fosamax Prods. Liab. Litig., 2013 WL 1176061, at *2 (S.D.N.Y. Mar. 21, 2013) (citation omitted); Davidson v. Dean, 204 F.R.D. 251, 255 (S.D.N.Y. 2001); Davis v. Artuz, 2001 WL 50887, at *3 (S.D.N.Y. Jan. 19, 2001).  Here, Peterson's defiance of the Court's orders was plainly willful.

The Court's orders have been unambiguous.  On five separate occasions, the Court directed Peterson to complete the simple task of providing Apple with a list of dates that she would be unavailable so that her deposition could be scheduled.  See Jan. 25 Order at 2; Feb. 8 Order at 2; Mar. 11 Order; Mar. 29 Order at 2; Apr. 8 Order at 2.  The Court chose not to order Peterson to appear on a particular date specifically to give her flexibility in the scheduling of her deposition.  Thus, the supplying of a list of dates of unavailability was critical to the scheduling of her deposition.  See Kuang, 2012 U.S. Dist. LEXIS 172273, at *26–27 (dismissal appropriate

10

where plaintiff failed to notify his adversary whether he would be available for a deposition during a specific week in breach of Court's "unambiguous" order).

Peterson failed to comply with these orders without any explanation.  See Jan. 25 Order at 2; Feb. 8 Order at 2; Mar. 11 Order; Mar. 29 Order at 2; Apr. 8 Order at 2.  When Peterson claimed that a medical condition prevented her from being deposed, see Emergency Motion ¶¶ 6–8, the Court on three separate occasions ordered that, instead of providing a list of dates on which she was unavailable, she could provide a written explanation from a doctor describing why she could not proceed currently and when she could be expected to be able to proceed. See Mar. 11 Order; Mar. 29 Order at 2; Apr. 8 Order at 2.  In contravention of these unequivocal orders, Peterson never sent a list of dates that she was unavailable or a written explanation from a doctor.  See Kaufman Decl. ¶ 24.

Peterson has provided no acceptable explanation for her refusal.  Certainly, Peterson's non-compliance is not attributable to a lack of understanding of the Court's orders.  She has an adequate command of both written and spoken English, as demonstrated by her submissions to and her appearances before the Court.  See Agiwal, 555 F.3d at 303 (noting that plaintiff understood Court orders and had an "adequate command of spoken English").  Moreover, Peterson is an experienced pro se litigant, who has litigated other actions.  See, e.g., Peterson v. Archstone Cmtys. LLC, 2013 WL 704481, at *7–10 (D.D.C. Feb. 27, 2013) (granting summary judgment in favor of defendants on age discrimination claim brought by Peterson); Memorandum Opinion, Peterson v. First Advantage/Safe Rent, Inc., 07 Civ. 1762 (RWT) (D. Md. Nov. 8, 2007) (dismissing alleged Fair Credit Reporting Act violations asserted by Peterson for failure to state a claim); see also Peterson v. Wellpoint, Inc., 13 Civ. 933 (KDE) (SS) (E.D. La.  filed Apr. 16, 2013).  Nor does Peterson's efforts to seek review of the orders at

issue obviate the need for her continued compliance, especially in light of the Court's numerous warnings that she must comply in the absence of a stay.  See Jones v. Niagara Frontier Transp. Auth. (NFTA), 836 F.2d 731, 735 (2d Cir. 1987) (affirming dismissal where plaintiff claimed that he did not have to comply with orders pending an appeal of a magistrate's ruling in the absence of a stay), cert. denied, 488 U.S. 825 (1988).  Accordingly, we find that Peterson willfully and deliberately flouted unambiguous orders that she fully comprehended.

2.      The Efficacy of Alternative Sanctions

The Court does not believe that sanctions less severe than dismissal would be effective here.  Where a party has willfully and repeatedly obstructed discovery by refusing to comply with orders concerning depositions, courts have found that the only adequate remedy is dismissal.  See, e.g., Phelan v. Cambell, 2012 WL 407147, at *2 (N.D.N.Y. Feb. 8, 2012) (dismissing case where plaintiff refused to submit to a deposition in contravention of court orders), aff'd, 507 F. App'x 14 (2d Cir. 2013), petition for cert. filed, May 9, 2013 (No. 12-10623); Sease v. Doe, 2006 WL 3210032, at *2–3 (S.D.N.Y. Nov. 6, 2006) (dismissing pursuant to Fed. R. Civ. P. 37 for failure to appear at a deposition).

Moreover, a party's continued defiance of Court orders after being warned that the consequence of non-compliance is dismissal indicates that lesser sanctions would be "an exercise in futility."  Coach, Inc. v. O'Brien, 2011 WL 6122265, at *4 (S.D.N.Y. Nov. 28, 2011) (alterations and internal quotation marks omitted) (citing Koch v. Rodenstock, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010)), modified on other grounds, 2012 WL 1255276 (S.D.N.Y. Apr. 13, 2012); see also Martin v. City of N.Y., 2010 WL 1948597, at *2 (S.D.N.Y. May 11, 2010) ("The fact that plaintiff was warned that noncompliance would result in dismissal of her claims and chose not to comply illustrates that lesser sanctions would be insufficient to

12

remedy [plaintiff's] failure.").  Here, Peterson was repeatedly warned that her failure to provide dates of unavailability for her deposition might result in dismissal of her case.  Because Peterson repeatedly refused to comply with these orders, even after being repeatedly warned that failure to comply could result in dismissal, it is obvious nothing short of dismissal of the case would be effective.

### 3.   Duration of Non-Compliance

The Court initially ordered Peterson to provide, by February 1, 2013, a list of dates that she was unavailable for a deposition.  See Jan. 25 Order at 2.  Despite numerous subsequent orders granting extensions, Peterson has been non-compliant with the Court's orders since approximately early February 2013.  Thus, Peterson has failed to satisfy her discovery obligations for more than five months.  Courts have consistently dismissed cases pursuant to Fed. R. Civ. P. 37 where the period of non-compliance lasted for the same or less duration.  See, e.g., Rodriguez v. Oak Room, 2012 WL 5305551, at *2 (S.D.N.Y. Oct. 23, 2012) (dismissing after period of non-compliance of "more than five months"); Kuang, 2012 U.S. Dist. LEXIS 172273, at *31 (plaintiff non-complaint with discovery orders over "several months"); Martin, 2010 WL 1948597, at *2 ("[P]laintiff has failed to satisfy her discovery obligations for at least two-and-a-half months.").  Thus, the period of non-compliance strongly supports dismissal.

### 4.   The History of Warnings

Prior to dismissal, a court is expected to provide warning that non-compliance could lead to dismissal.  See Agiwal, 555 F.3d at 302.  In this case, Peterson was warned in five separate orders that the case could be dismissed if she failed to comply with discovery orders.  See Feb. 8 Order at 2; Feb. 13 Order at 1; Mar. 11 Order; Mar. 29 Order at 2; Apr. 8 Order at 2.  In addition, the Court cautioned Peterson twice that Apple would be free to file a motion to dismiss if she did

13

not comply.  See Mar. 29 Order at 2; Apr. 8 Order at 2.  Notwithstanding these numerous

warnings which made explicit the consequences of non-compliance, Peterson continues to

disregard the Court's clear directives.  The Court has offered ample warning that Peterson's

continued defiance of Court orders could lead to dismissal.  See, e.g., Rodriguez, 2012 WL

5305551, at *1–2 (dismissing case for failure to comply with discovery orders after one

warning); Kuang, 2012 U.S. Dist. LEXIS 172273, at *32 (four warnings prior to dismissal

sufficient to warn plaintiff of consequences of non-compliance); Lichtenstein v. Reassure Am.

Life Ins. Co., 2011 WL 809172, at *2 (E.D.N.Y. Mar. 1, 2011) (dismissal appropriate where

"plaintiff was warned repeatedly that noncompliance with the Magistrate Judge's discovery

orders would result in dismissal").

> In light of the foregoing, and because Peterson has not opposed the relief sought by

defendant, the case should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) as a sanction

for failing to comply with Court orders concerning discovery.

> B.   Failure to Prosecute

> The case should be dismissed also based on Peterson's failure to prosecute.  In relevant

part, Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with

these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter

committed to the discretion of the district court.  See Link v. Wabash R.R. Co., 370 U.S. 626,

633 (1962).  Although dismissal is a "'harsh remedy' that should 'be utilized only in extreme

situations,'" Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (quoting Minnette v. Time

Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)), "the authority to invoke it for failure to prosecute

is vital to the efficient administration of judicial affairs and provides meaningful access for other

14

prospective litigants to overcrowded courts," Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).

The Second Circuit has articulated five factors that it uses to review whether a court has properly dismissed a case for failure to prosecute:

> [whether] (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Lewis, 564 F.3d at 576 (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)); accord Mitchell, 708 F.3d at 467–68 (citing Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).  "In analyzing the factors, the court reviews the record as a whole . . . ."  Toliver v. Comm'r of N.Y.C. D.O.C., 2011 WL 5242643, at *3 (S.D.N.Y. Nov. 3, 2011).  In general, "[n]o one factor is dispositive" in determining whether dismissal is warranted.  Lewis, 564 F.3d at 576 (alteration in original) (citation and internal quotation marks omitted); accord Lowery v. Petrusino, 2009 WL 5125122, at *3 (S.D.N.Y. Dec. 29, 2009).  As described below, the factors militate in favor of dismissal.

### 1.   Delay of Significant Duration

As noted above, on January 10, 2013, Apple first noticed Peterson for a deposition scheduled for February 5, 2013.  See Notice.  Since then, Peterson has engaged in a number of dilatory tactics, including refusing to provide a list of dates that she is unavailable and claiming hardship due to a medical condition but refusing to supply any documentation to support her claim.  Indeed, she has even failed to respond to this motion.  Thus, she has failed to prosecute this case for more than five months.

There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal.  See Cain v. Simon & Schuster, 2013 WL 1608620, at *3 (S.D.N.Y. Apr. 15, 2013) (citation omitted); Antonio v. Beckford, 2006 WL 2819598, at *2 (S.D.N.Y. Sept. 29, 2006).  It is proper, in "extreme circumstances," for "a district court [to] dismiss a complaint for relatively short delays."  Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000). Given Peterson's refusal to comply with numerous Court orders, the five month delay is significant enough to support dismissal due to failure to prosecute.  See, e.g., Martin, 2010 WL 1948597, at *3 (dismissing where plaintiff disobeyed court orders and litigation was delayed at least two-and-a-half months); Antonio, 2006 WL 2819598, at *2 (plaintiff's failure to comply with court deadline for more than four months favored dismissal); Lopez v. Catholic Charities of the Archdiocese of N.Y., 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing where plaintiff failed to advance claim for a period of three months, violated several court orders, failed to respond to motions, and failed to appear at scheduled conferences); Antonios A. Alevizopoulos & Assocs., Inc., 2000 WL 1677984, at *2 (dismissing where plaintiff failed to prosecute for "nearly four months" and "failed to respond to this motion").

### 2.    Notice that Further Delays Would Result in Dismissal

As already described, the Court notified Peterson five times that her case could be dismissed if she failed to comply with Court orders concerning her deposition.  Indeed, Peterson was specifically advised that her case could be dismissed for failure to prosecute.  See Mar. 29 Order at 2; Apr. 8 Order at 2.  Thus, the notice factor strongly favors dismissal.  See, e.g., Lowery, 2009 WL 5125122, at *3 (dismissing for failure to prosecute where "[p]laintiff failed to heed . . . repeated warnings"); Europacific Asset Mgmt. Corp. v. Tradescape, Corp., 233 F.R.D.

344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal."); Feurtado v. City of N.Y., 225 F.R.D. 474, 479 (S.D.N.Y. 2004) (dismissing for failure to prosecute after court warned plaintiff twice about possibility of dismissal).

3.   <u>Prejudice to Defendant Resulting from Further Delays</u>

The third factor requires an assessment of whether the "defendant was likely to be prejudiced by further delay." <u>Lewis</u>, 564 F.3d at 576 (citation and internal quotation marks omitted). A rebuttable presumption that a defendant was prejudiced may arise where "the delay was lengthy and inexcusable." <u>Norden Sys., Inc.</u>, 375 F.3d at 256. However, "in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." <u>Lyell Theatre Corp.</u>, 682 F.2d at 43 (citations omitted).

The duration of the delay in this case has not been as long as in other cases in which a presumption of prejudice arose. <u>See</u>, <u>e.g.</u>, <u>Shannon v. Gen. Elec. Co.</u>, 186 F.3d 186, 194–95 (2d Cir. 1999) (presumption of prejudice arose when plaintiff failed to amend complaint after two years); <u>Lyell Theatre Corp.</u>, 682 F.2d at 43 (presumption arose when plaintiff had failed to comply with court orders over seven year period). However, Apple has proffered proof of actual prejudice. First, Apple endured some burden and expense in preparing for Peterson's deposition scheduled for March 12, 2013. <u>See</u> <u>Peart v. City of N.Y.</u>, 992 F.2d 458, 462 (2d Cir. 1993) (finding prejudice as a result of defendant "spen[ding] much time and money preparing for a trial," among other things). Second, due to Peterson's continued obstinance in scheduling her deposition, Apple has been hindered in organizing its defense. <u>See</u>, <u>e.g.</u>, <u>Kuang</u>, 2012 Dist. LEXIS 172273, at *29 (defendant prejudiced because it could not "complete its deposition of the most important witness, plaintiff herself"); <u>Antonios A. Alevizopoulos & Assocs., Inc.</u>, 2000

17

WL 1677984, at *3 (defendant prejudiced by inability to depose plaintiff because it made it "difficult, if not impossible, to defend the lawsuit").

Finally, "[i]n considering the degree of prejudice against the defendant, the extent to which the plaintiff's conduct was contumacious must also be considered." U.S. ex rel. Pervez v. Maimonides Med. Ctr., 2010 WL 890236, at *4 (S.D.N.Y. Mar. 9, 2010) (citing Norden Sys., Inc., 375 F.3d at 257), aff'd, 415 F. App'x 316 (2d Cir. 2011). As already noted, Peterson has declined to comply with orders for more than five months. The Second Circuit has affirmed dismissal of cases for failure to prosecute where a plaintiff has disregarded Court orders for a similar period of time. See, e.g., Ruzsa v. Rubenstein & Sendy Atty's at Law, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (affirming dismissal where plaintiff failed to comply with court orders for previous seven months); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980) (affirming dismissal where plaintiff neglected to respond to discovery orders for six months). Accordingly, this factor necessarily favors dismissal.

    4.    Balance Between Calendar Congestion and the Opportunity to be Heard

Under the fourth factor, a court considers "the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." Norden Sys., Inc., 375 F.3d at 257 (citation omitted). The Second Circuit has cautioned that "'[a] court must not let its zeal for a tidy calendar overcome its duty to do justice.'" Outley v. City of N.Y., 837 F.2d 587, 589 (2d Cir. 1988) (quoting Winston v. Prudential Lines, 415 F.2d 619, 621 (2d Cir. 1969), cert. denied, 397 U.S. 918 (1970)); see also Lucas, 84 F.3d at 535–36 ("There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."). Nonetheless, "fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources" may require a district

18

court to dismiss a case pursuant to Rule 41(b).  Chira, 634 F.2d at 668 (internal parentheses omitted); accord Yacub v. Coughlin, 105 F.R.D. 152, 153 (S.D.N.Y. 1985) ("The court cannot permit this litigant, or any litigant, to abuse its scarce resources while many others, desirous and deserving of relief, must patiently await their turn.").

Here, the fact that Peterson repeatedly disobeyed Court orders vastly diminishes her right to have her claim heard by this Court.  See Feurtado, 225 F.R.D. at 480 (citing cases); see also Sanders v. Ramos, 2013 WL 592670, at *3 (S.D.N.Y. Jan. 24, 2013) (noting that "noncompliance with the Court's [o]rders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner") (alteration in original) (citation and internal quotation marks omitted), adopted, 2013 WL 594229 (S.D.N.Y. Feb. 14, 2013).  Indeed, Peterson even squandered her chance to be heard on this motion by neglecting to submit opposition papers.  See Antonios A. Alevizopoulos & Assocs., Inc., 2000 WL 1677984, at *3 (noting that plaintiff's right to be heard was diminished when it failed to oppose a motion to dismiss for failure to prosecute).  Because Peterson has made no effort to comply with the Court's directives or to prosecute her action, including opposing this motion, it would be unfair to the numerous other litigants who await the attention of this Court to permit her suit to remain on the docket.

       5.    Consideration of Lesser Sanctions

The final factor pertains to "whether lesser sanctions would have been sufficient to remedy any prejudice resulting from plaintiff's delay."  See Norden Sys., Inc., 375 F.3d at 257 (citation omitted).  As already discussed, Peterson's repeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address her conduct.  See, e.g., Alaimo v. Auto. Consulting, 2010 WL 2884713, at *2 (S.D.N.Y. June 8,

19

2010) (dismissal for failure to prosecute only appropriate sanction "given Plaintiffs' repeated failure to comply with the Court's orders"), adopted, 2010 WL 2884711 (S.D.N.Y. July 20, 2010); Martin, 2010 WL 1948597, at *3 (same); Antonios A. Alevizopoulos & Assocs., Inc., 2000 WL 1677984, at *4 (dismissal only appropriate sanction where plaintiff "has repeatedly failed to abide by the Court's orders, even when the Court has granted him extensions and second chances").  Peterson was warned numerous times that her failure to provide dates for which she was unavailable for a deposition could result in dismissal of the case.  Even the threat of dismissal of her suit was insufficient to cause her to comply with the Court's orders.  There is no reason to believe that any sanction short of dismissal would be effective.  Under these circumstances, dismissal is appropriate .

III.    CONCLUSION

For the foregoing reasons, Apple's motion to dismiss this action with prejudice pursuant to Fed. R. Civ. P. 37(b)(2) and 41(b) (Docket # 60) should be granted.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. George B. Daniels, and to the undersigned, at 500 Pearl Street, New York, New York 10007.  Any request for an extension of time to file objections must be directed to Judge Daniels.  If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  See Thomas v.

Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham,

Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: July 10, 2013
        New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

21