UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

ANDREA PETERSON,                      :

                  Plaintiff,       :

         -against-             :        MEMORANDUM DECISION

                             :               AND ORDER

                                        12 CV 6467 (GBD) (GWG)

APPLE, INC.,                          :

                  Defendant.       :

                               :

------------------------------------ X

GEORGE B. DANIELS, District Judge:

      Plaintiff Andrea Peterson, proceeding pro se, brought this action pursuant to the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law alleging that defendant Apple Inc. ("Apple") refused to hire her on the basis of her age and negligently inflicted emotional distress. See Complaint, filed Aug. 23, 2012 (Docket # 1) ("Compl."). Apple moved to dismiss this action based on Peterson's failure to comply with Court orders and her failure to prosecute pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure. Magistrate Judge Gorenstein recommended that because Peterson has filed no opposition to the motion, and because the motion is meritorious, Apple's motion should be granted and the case should be dismissed with prejudice. This Court adopts Magistrate Judge Gorenstein's Report in its entirety.

1

On May 6, 2013, Apple moved to dismiss for failure to comply with Court orders pursuant to Fed. R. Civ. P. 37(b)(2) and failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *See* Notice of Motion to Dismiss Pursuant to FRCP Rules 37(b)(2) and 41(b), filed May 6, 2013 (Docket # 60) ("Motion"); Memorandum of Law in Support of Defendant's Motion to Dismiss Pursuant to FRCP Rules 37(b)(2) and 41(b), filed May 6, 2013 (Docket # 61); Kaufman Decl.; Certificate of Service, filed May 6, 2013 (Docket # 63). The motion was referred to Magistrate Judge Gorenstein for a Report and Recommendation. *See* Order of Reference to a Magistrate Judge, filed May 9, 2013 (Docket # 64). The deadline for Peterson to respond to Apple's motion was May 20, 2013. *See* Local Civil Rule 6.1(b). On May 23, 2013, the Court issued an order notifying Peterson that the deadline to file a response to the motion had passed under the Local Rules, but granting her one more opportunity to file a response on or before May 30, 2013. Order, filed May 23, 2013 (Docket # 65). Peterson failed to file a response on or before May 30, 2013. On June 10, 2013, a law clerk confirmed with Peterson that she had not filed a response to Apple's motion. To this date, Peterson has not opposed or otherwise responded to the motion. Peterson also did not object to Magistrate Judge Gorenstein's Report.

The Court may accept, reject, or modify, the findings set forth in the Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made and need not conduct a de novo hearing on the matter *Id.*; *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the

Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Under Fed. R. Civ. P. 37(b)(2)(A)(v), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part." District courts have wide discretion in fashioning appropriate sanctions for a party's failure to comply with discovery orders. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (noting that "the text of the rule requires only that the district court's orders be 'just'"). Sanctions pursuant to Fed. R. Civ. P. 37 are appropriate "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam). The Second Circuit considers four factors in evaluating whether it was appropriate for a district court to dismiss an action as a sanction pursuant to Fed. R. Civ. P. 37: "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" *S. New England Tel. Co.*, 624 F.3d at 144 (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). The factors are not exclusive; nor does each one have to be resolved against the party being sanctioned for dismissal to be appropriate. *See id.* (citing *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991)); *Kuang v. Genzyme Genetics Corp.*, 2012 U.S. Dist. LEXIS 172273, at *23 (S.D.N.Y. Nov. 28, 2012). While pro se parties are generally treated with "'special solicitude,'" they "are not immune to dismissal as a sanction for noncompliance with discovery orders." *Agiwal*, 555 F.3d at 302

3

(quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)); accord *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[A]ll litigants, including pro ses, have an obligation to comply with court orders.").

Magistrate Judge Gorenstein properly found that the four factors weigh in favor of dismissal. In addition, Peterson has not opposed the relief sought by defendant. The case should therefore be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) as a sanction for failing to comply with Court orders concerning discovery.

Magistrate Judge Gorenstein also recommended that this case be dismissed based on Peterson's failure to prosecute. In relevant part, Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). Although dismissal is a "'harsh remedy' that should 'be utilized only in extreme situations,'" *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). The Second Circuit considers five factors in deciding whether a court has properly dismissed a case for failure to prosecute: [whether] (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed

the efficacy of lesser sanctions. *Lewis*, 564 F.3d at 576 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); accord *Mitchell*, 708 F.3d at 467–68 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "In analyzing the factors, the court reviews the record as a whole . . . ." *Toliver v. Comm'r of N.Y.C. D.O.C.*, 2011 WL 5242643, at *3 (S.D.N.Y. Nov. 3, 2011). In general, "[n]o one factor is dispositive" in determining whether dismissal is warranted. *Lewis*, 564 F.3d at 576 (alteration in original) (citation and internal quotation marks omitted); accord *Lowery v. Petrusino*, 2009 WL 5125122, at *3 (S.D.N.Y. Dec. 29, 2009). As Magistrate Gorenstein properly found, the factors militate in favor of dismissal.

## CONCLUSION

Apple's motion to dismiss this action with prejudice pursuant to Fed. R. Civ. P. 37(b)(2) and 41(b) (Docket # 60) is granted.

Dated: New York, New York
July 31, 2013

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge